182164 Brian Bell v. O'Reilly Auto Enterprises, LLC May it please the Court, my name is Alan Townsend and I represent plaintiff appellant Brian Bell in this disability discrimination case. We are asking this court to order a new trial in this case because of two errors in the jury instructions. The first error I'll address is an erroneous instruction that O'Reilly used during its closing argument to argue that because Mr. Bell was able to struggle through the symptoms of his disabilities and find a way to perform his job duties that he could not prevail in his failure to accommodate claim because he did not need an accommodation to do his essential job functions. This argument was incorrect, legally incorrect, but that is exactly what the district court instructed the jury. In fact, an employee may be entitled to a reasonable accommodation if they are struggling to perform their job duties even if they could do their job duties without one. And we explained, we cited numerous authorities for that in our briefs. So because this erroneous instruction could have affected the outcome of the trial, a new trial is necessary. That's the standard that this court applies. Can I just make sure, Mr. J. If you are right about what the statute requires with respect to instruction, our pattern instructions are also problematic, right? Because they don't really, they seem to be focused on the wrong thing by talking about essential functions at all. Because the accommodation, if I understand your argument, under the statute the reasonable accommodation has nothing to do, need not have anything to do with its effect on your ability to do essential functions so long as you can do them and are a qualified individual. All they have to do is reasonably accommodate you to get the benefits of employment opportunities that are equal to everybody else. That's your position, right? I think so, Your Honor. And that means our pattern instructions, the pattern instructions themselves are not very good. Because they are focusing everybody on the essential job functions and whether they make it easier or harder to do those. I think the pattern instruction can be interpreted It doesn't mean it's wrong, but it's the wrong focus, if I understand it right. I think the pattern instruction can be interpreted so that it is correctly stating the law. But only if we read it to simply say it doesn't get in the way of job functions. But then that lacks a causation element. Because it doesn't show that the reasonable accommodation is accomplishing anything. It doesn't require a jury to find that the reasonable accommodation would accomplish anything. Do you follow what I'm saying? Yes. The element that we're talking about here that includes the pattern instruction talks about Enable. Enable. But it's enabling you to do your essential job functions. But if I understand your position, which makes some sense to me, that is the wrong thing to focus on. Because the accommodation needn't bear on your ability to do those so long as you can do them. Right. Because then you're a qualified individual. And what we should be focusing on is does it a reasonable accommodation that would enable you to have equal employment opportunity? Correct. I think in order to interpret the pattern instruction so that it's correctly stating the law, it has to mean that the plaintiff has to show that he's able to do his essential functions if he's given the accommodation he requested. But then the instruction lacks any instruction to the jury to make a causal connection between the reasonable accommodation and anything. The third element of the instructions here is what goes to the causal connection. Because that's where the plaintiff had the burden to communicate to the employer that he wants this accommodation and he wants it because of his disability. And because of his disability is the causal relationship. That should be focused on. Is the employee seeking this accommodation because of their disability or because of something totally unrelated? That's still not quite causal because it's not relating to what the reasonable accommodation is trying to accomplish. The fact that the employee is seeking it because of his disability isn't the same thing as saying that the accommodation is either necessary or reasonable or whatever other word you want to use due to his disability. I see what you're saying there, Your Honors. That's not a problem for you because you're not, I don't think, I don't think you're obliged to add a causation instruction. But it does just, I'm just thinking, a consequence if you were to adopt your position, it does suggest that the pattern instruction itself is not very helpful. Yes. And I think along those same lines about continuing to focus on the pattern instruction, if you interpret the pattern instruction the way that O'Reilly is, O'Reilly is saying that what the pattern instruction is requiring is that the plaintiff prove that he's unable to do the essential functions of his job without the accommodation he's requesting. If that's what it means, then it is erroneous because we know, for instance, that an employee – I'm sorry. With all due respect, let's not focus on the pattern instruction, all right, which we've said before is not binding and is simply a suggestion. Let's focus on the instruction that was given in this case because you've got limited time and I have a specific question. You objected to this instruction, but you did not request any supplementary language. You say in your brief all you wanted was to take out the word need, all right? If you take out the word need, then the jury would wind up being instructed that the accommodation would have to enable the plaintiff to perform the functions of his job, and that's essentially the same thing as saying that he needed the accommodation to perform the functions of his job. I don't see any material difference between those two formulations, so even though I think that there may be some merit to the legal position that you're enunciating, I have a lot of difficulty with seeing how in this case you can complain about this instruction where your only complaint is that the word need should have been excised from the charge. I would like to make three points about that question, Your Honor. First point is the instruction that we wanted excised was the entire, that entire clause that included the word need in it. That's right, and that would have left you with the enable clause, which I think read by itself says essentially the same thing. And so picking back up on that point, Your Honor, I don't believe the two instructions mean the same thing. I don't think O'Reilly believes they mean the same thing either because they would not have asked for that instruction or challenge otherwise. What do you say the remaining instruction would mean? The accommodation must be such as to enable the plaintiff to perform the functions of his job. That's essentially what the remaining portion of the instruction would have said. Right, that's correct, and that's the pattern instruction that is, the language from that is taken directly from this Court's precedent and EEOC regulations. But to a lay juror sitting getting an instruction, how is that, how is that any different from saying that the plaintiff needed the accommodation in order to perform the functions of his job, especially against an evidentiary background where the only accommodation which has been discussed before the jury is a particular accommodation that the plaintiff says he needed to perform the functions of his job? Picking up on that last point, Your Honor, the, we argued at trial that he needed the accommodation, but we didn't link it to the functions of the job. I realize you didn't link it, but there was no other accommodation discussed before the jury. That was the only one they had before. Right, but, yes, Your Honor, you're correct. You didn't argue that he needed it in order to perform his essential job functions, though. That's correct. You just said he needed the accommodation. That's correct. And if I understood in your brief what you said was that the enable instruction could mean allow, permit, or make easier, which is different than need. That's correct, Your Honor. My understanding was the district court, when you objected, you objected initially, I don't know if it was you, but trial counsel initially said this is superfluous because it's the same. And my understanding was the argument back to you is no, it's not the same, precisely because the first one just means allow, and so it doesn't deal with causation. That's why they stuck in need. Then you object and say, well, need is not right because it's about the wrong thing. It's needing for essential job functions, which is a mistake, at which point your objection was rejected with not really an explanation of why you were wrong about that. At least that's how I read the record. That is all correct, Your Honor. And then last point, I'm curious if I understand that the final argument by your opponent's counsel was to the jury that they should reject your argument because you were arguing you needed it to perform your job functions, which was not the argument you were making, but it is the argument that the instruction seems to require the jury to find. That's all correct, Your Honor. And so the instruction about needing, I think it's important to recognize that it's erroneous because even if, no matter how you slice the word need, under any definition of the word need, because there was some dispute about the briefs over what it meant, under any definition of it, it's wrong because an employee can have absolutely no need for an accommodation to do their essential job functions and still be entitled to a reasonable accommodation, for instance, if they are asking for an accommodation to do nonessential functions like the plaintiff in the Kaufman case, for instance, in the Seventh Circuit that I cited. And so if the pattern instruction, which comes directly from this Circuit's precedent and the EEOC regulations, means the same thing as this instruction were challenging, then it would be erroneous. But I'm not arguing that it would be erroneous. I don't think the Court has to go there because I think there is sufficient difference between the words enable and need to save the pattern instruction. The other error that we believe that the District Court committed was not giving an instruction that we requested regarding the interactive process. In this case, the District Court found evidence that O'Reilly breached its interactive process obligations. And the implementation of the statute, because when an employee comes forward and asks for an accommodation, if the employer just sits on its hands and doesn't cite any problems it has with the accommodation and just denies it, the employees then rob of the opportunity to try and adjust the accommodation request to make it work. And so it's critical that this instruction that we request to be given, because otherwise the employee on his failure to accommodate claim is stuck with the accommodation he requested and can't address any of the problems which the employer then brings up during litigation that it should have brought up during the interactive process. And so it's unfair to the employee in that sense. Thank you. May it please the Court, Christopher Tainter for O'Reilly Auto Enterprises. The legal heart of the appeal, as I understand it, is the notion that a disabled employee is entitled to any accommodation which makes it easier for him or her to do the job, even if that person can perform the essential functions of his or her position without the accommodation. I respectfully submit that that legal principle which the plaintiff, the appellant, sought to argue at trial is not supported by the law. If you're wrong about that, do you lose? I don't think so, Your Honor. So how could you win and be wrong about that? Well, the instruction that the appellant advocates here really has no application to the facts of this case. What the theory is that the plaintiff simply wanted some accommodation that would allow him, would give him the opportunity to ease the mental stress that he was under because of his depression and because of his other mental conditions. In order to do that, the theory was that he needed a modified work schedule, a specifically modified work schedule no more than nine hours a day, five days a week, except on those occasions when he told the company that he was up to working more. That is fundamentally inconsistent with an essential function of the job he had with O'Reilly. But then you would be arguing he's not a qualified individual. Right. But you didn't argue that. The way the case comes to us is you're treating him as if he was a qualified individual. And since he is, then the question is, can he get a reasonable accommodation? And for that, what is the reason why he's got to show that it bears on whether he can perform the essential job function? I think we argued that the accommodation that he requested was not one that would allow him to perform the essential functions of his job. So therefore, he was not a qualified individual. I don't believe we ever acknowledged at trial that he was a qualified individual. You didn't argue that to us, and you now... Well, I'm responding to the issues that have been raised on appeal. And in doing that, I've raised several issues. The first is the definition of what constitutes a reasonable accommodation really can be twofold. It can be either an accommodation which enables an employee to perform the essential functions of that position, or enables an employee to enjoy equal benefits and privileges of employment. As you pointed out, the pattern instruction really only addresses the first of those two options. The plaintiff in their pretrial filings and the jury instructions that were submitted to the court did not ask that the jury be an element that I've just quoted. They focused solely on the portion of the role which deals with the employee's ability to perform the essential functions of his job. But only in consequence of the deviation from the pattern instructions which added an additional instruction which was on need, which I understood your argument was that it was not superfluous because it did something that the first instruction on enable didn't accomplish. Which makes it I'll say it's superfluous. It wasn't. The purpose of the question in the instruction was simply to draw the jury's attention to the fact that the existence of a disability without any connection between that disability and an employee's ability to do his job does not entitle an employee to an accommodation. It wasn't clear to me that the pattern instruction conveyed that thought precisely and sufficiently. Correct. But he's objecting to the way you were solving that problem. And it's not incumbent on him if he's right about the solution being problematic that he's also got to solve your problem for you. Well, I think a couple of responses to that, your honor. The argument that was when the plaintiff opposed the suggested addition to the pattern instruction, the insertion of the clause which included the word need, the explanation was, well, the plaintiff doesn't really have to need the accommodation. It just has to be something that will make it easier for him to do his job. And the trial judge said, well, that seems imprecise to me. Is there something, I don't know if he actually said, is there something you want to add? But clearly offered the plaintiff's counsel the opportunity to do that. But that can't change the fact that if what was then instructed was itself wrong and wrong for the reasons counsel was saying, you can't give that instruction. Well, I don't think it really was wrong, your honor. And the reason I say that is the word need is a little bit mushy, frankly. And it doesn't necessarily mean that Mr. Bell absolutely categorically couldn't do his job without the accommodation he requested. It could simply be that the jury could have ruled for him if it had found that he needed it, he needed the accommodation in the sense that having the accommodation would allow him to perform the essential functions of his job without suffering undue mental injury. But if a word is mushy and subject to two interpretations, one of which is harmful to the plaintiff, which is the case here, and the plaintiff objects to it and the district court refuses to modify it or delete it, why isn't that a good assignment of ours? Well, I think the – I mean, it seems to me the mushiness of the phrase doesn't help you. Well, I think the problem could have been cured if the plaintiff had suggested to the court the resolution that he has argued on appeal should have been provided. But if the district court gives a wrong instruction, there's no case law that says that it's the burden on the party objecting to not only point out the erroneous instruction, but also to supply the correct instruction. Well, I think there is authority certainly from other circuits, your honor, perhaps not in this circuit. Not if the correct instruction wouldn't help. Right. Yeah. All the – the correct instruction you want would add an element that he had to prove. You were pointing out that the pattern instruction potentially deleted an element that he should have to prove. Right. It's not incumbent on him to make sure the judge adds that element. No. If the case goes without the element, he's fine with it. No, I'm not suggesting that he should have. But the correct instruction that you wanted him is one that would solve your problem, that the pattern instruction did not clearly instruct on cause. If that's not his worry, if it doesn't clearly instruct on cause, he's fine with it. No, I understand that. And that's why I suggested it. But then your solution, he correctly pointed out, is incorrect, if he's right on that. Now, you say he's not because it needs musty. But if the mustiness of it shows the incorrectness of it, then he's objected. He said, no, that's not a good solution. You can't instruct that way. And then it's incumbent on you to say, well, OK, if that's no good, how about this? But instead, what happened is the judge said, no, I reject your claim that that's error. Well, if the judge is wrong about that, then all that happened was the jury was erroneously instructed. Then it's just a question of prejudice. Well, I disagree. And the reason for that is that plaintiff's counsel clearly had an opportunity during the charge conference to suggest additional clarifying language, which would have put tighter boundaries around what we meant by the term need. And the theory on this appeal is that it was sufficient for the plaintiff, in order to prevail, to prove that an accommodation would have avoided him, would have relieved him of significant mental suffering that a normally constituted person would not suffer under the same circumstances. If the plaintiff, and that may well be a reasonable argument. I think that would have been a fair dialogue for the parties in the court to have during the charge conference. And we could have, maybe the jury would have been so instructed. But the only thing the plaintiff ever said during the charge conference was it's enough for the plaintiff to prove that the accommodation would make it easier for him to do his job. And that's not the law. That's not an appropriate objection to the instruction because that's not the law. Easier appears nowhere in the ADA. And so the objection has to be complete in the sense that it not only opposes what the district court is doing, but explains why what the district court is doing is wrong and how it can be fixed. And the plaintiff didn't do that. What is the authority for the last part of that statement that it's the burden of the objector to explain how it can be fixed? Well, those cases are cited in my brief. I don't have the fingertips, but I think the cases... Certainly the problem he identified could be fixed by deleting it. I'm sorry? The problem he identified could be fixed by deleting it. The problem you identified could not be fixed by deleting it. But he's not obliged to solve your problem. Right. And my suggestion is that there is a middle ground between deleting what is, I believe, a correct clarification, which I offered, and leaving out that correct clarification and remaining silent about it. And that's what the plaintiff wanted to do. What the plaintiff wanted very clearly was to have latitude to make an argument that was not supported by the law.  So all I need to do is show that if I have this accommodation, it will be easier for me to work. That's not the law. He didn't have the court... He didn't suggest that the court so instruct the jury, presumably, because they knew the law doesn't support that instruction. And the jury might not be very sympathetic to it. There's no obligation under the ADA to put every employee on an absolutely level playing field in terms of how much stress they experience at work. The only affirmative obligation imposed by the reasonable accommodation provision of the ADA is to level the playing field so that everyone can perform the functions of their jobs. And so what Mr. Bell was asking for was an accommodation which went beyond allowing him to do his job. And beyond that, the accommodations he asked for would not have allowed him to perform the essential functions of his job because the essential functions we were talking about here in this case, the essential function which was at the heart of this case, was not any particular task associated with the day-to-day management of the store. The essential function that O'Reilly was concerned with was the availability of a store manager who, on the undisputed record, was the linchpin and the absolute key player in the management of the store he controlled to be available to work long hours on short notice and unpredictable hours. And that was something that the accommodation Mr. Bell asked for clearly would not have allowed him to do. So this was not – it goes beyond the fact that the instruction he asked for wasn't even a correct statement of the law. It's really disconnected from the facts of this case. It is absolutely undisputed on this record that the trial judge even found, in connection with the motion for summary judgment, that the availability that I've just described was an essential function of Mr. Bell's job. At no time during trial did he propose any accommodation which would have enabled him to fulfill that expectation and that essential function of his job. Therefore, essentially there's a complete disconnect between the instruction and the facts of the case. But if I understand it, the argument is that because of this instruction we can't be sure the jury ever had to decide the case on the ground you're now elucidating. Because of the verdict form. Or because of the need instruction. Right. I mean, that's another related issue. I actually asked during the charge conference, and we had a jury verdict form that would break this down, so that if the case ever came to this court, we would know whether that instruction had an impact on the jury verdict. But if he thinks it's an erroneous instruction, he shouldn't be required to make sure that it's compounded by having the jury focus in the jury room on the error. Well, at least we'd know, Your Honor, whether it had an impact on the outcome of the case. Doesn't our precedent make it pretty clear that the failure to consent to a special verdict form doesn't doom a valid objection to a charge? I don't believe this Court has ever ruled definitively. Well, I'm pretty sure that we have case law directly on point. I've discussed the issue in my brief, Your Honor. My recollection of the law is that you haven't specifically and clearly addressed the issue, at least in the context of a civil case. And there is authority in other circuits for the proposition that when a litigant creates uncertainty in a verdict, he shouldn't be able to benefit from that uncertainty on appeal. Thank you. Thank you, Your Honor. Just a few points. First, it appears that O'Reilly's part of the presentation was to try and relitigate the summary judgment decision in the district court over whether Mr. Bell could prove that he was a qualified individual. The district court rejected that argument that O'Reilly made. All of the evidence that was presented at summary judgment that the court relied on to reject that was presented at trial, so I think the same result should occur here. And because of limited time, I'm not going to go through all of that evidence, but it's in the record from the summary judgment briefing and the trial. And I think the reasoning that the district court used in denying the summary judgment motion was sound. Moving to the point that Mr. Tainter made about the ADA and Maintenance Rights Act only providing for reasonable accommodations when an employee cannot do their essential functions without them and not allowing to make it easier, I think that is clearly wrong. The one case that comes to mind is a case from this court, Calero-Cerezo, where the employee was able to do her essential job functions without any accommodations. She just wanted an accommodation to relieve some stress. She also had major depression like Mr. Bell to relieve some of her stress, and this court held that that could be provided as a reasonable accommodation. The word easier may not have been used, but that's the concept. And it doesn't have to be easier to do essential job functions, it's just easier to do the job. Correct. Correct. The other point... I think that's actually it, Your Honor, unless you have questions. Thank you.